425 F.Supp. 732 (1977)
Porter MICKENS, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 76-973C(3).
United States District Court, E. D. Missouri, E. D.
January 20, 1977.
Ronald I. Vails, Sr., Law Offices of Forriss D. Elliott, St. Louis, Mo., for plaintiff.
Barry A. Short, U. S. Atty., St. Louis, Mo., Max H. Lauten, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

*733 MEMORANDUM
WANGELIN, District Judge.
This action was instituted by plaintiff to enjoin defendant from levying upon plaintiff's property in satisfaction of an asserted tax deficiency. It is now before the Court upon cross motions for summary judgment. For the reasons stated below defendant's motion will be granted and judgment will be entered for the defendant.
The following relevant facts are not in dispute. On January 30, 1976, defendant made demand upon plaintiff for payment of asserted tax deficiencies totalling over Two Thousand Dollars ($2,000). That demand was made by means of a deficiency notice sent to plaintiff at his place of residence. Plaintiff had a power of attorney on file with defendant requesting a copy of all correspondence be sent to his attorneys. No notice was sent to plaintiff's attorneys. When payment was not received within ninety (90) days as required by 26 U.S.C. § 6213(a),[1] defendant assessed plaintiff and levied on his property. Plaintiff did not actually receive the notice[2] and now seeks to enjoin the assessment and levy.
Plaintiff relies upon Rev.Proc. 61-18, 1961-2 Cum.Bul. 550, which states that when a taxpayer has filed a power of attorney requesting the Internal Revenue Service to send all communications to the taxpayer's attorney, that the attorney's address shall constitute the taxpayer's "last known address" within the meaning of § 6212(b). Plaintiff argues that because he had a power of attorney on file with the I.R.S., the deficiency notice sent to his residence did not meet the notice requirements of §§ 6212(b) and 6213(a). Consequently, plaintiff contends that the assessment and levy on his property are illegal and void.
Plaintiff's reliance upon Rev.Proc. 61-18 is misplaced. The power of attorney which plaintiff filed requested only that "copies of notices and written communications" be sent to plaintiff's attorney. Revenue Procedure 61-18 provides that where the power of attorney only requests copies rather than all communications, notice sent only to the taxpayer and not his attorney is proper. Draper Allen v. Commissioner, 29 T.C. 113 (1957). See Expanding Envelope and Folder Corp. v. Shotz, 385 F.2d 402 (3rd Cir. 1967). It is the opinion of this Court that requests to the Internal Revenue Service that copies of notices or communications relating to tax matters be sent to a taxpayer's attorney are respected as a matter of convenience only. Failure to respect them does not render an otherwise valid notice invalid. Thus, the notice mailed to plaintiff's home address in this case was properly sent.
Finally, although plaintiff never received actual notice, it is clear that where the deficiency notice is properly sent, as the Court has determined that it was, the fact that it was never actually received does not render it invalid. Brown v. Lethert, 360 F.2d 560, 562 (8th Cir. 1966).
Therefore, as defendant has shown compliance with the statutory notice requirements, there are no genuine issues of material fact before the Court and summary judgment is appropriate.
NOTES
[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.
[2] Defendant denied that plaintiff received no actual notice in its answer. Plaintiff's affidavit supporting his motion for summary judgment is uncontroverted, however, and the Court assumes that no actual notice was received.