John H. WAGNER and Carol J. Wagner

v.

UNITED STATES of America and Commissioner of Internal Revenue.

Civ. A. No. 79–2134.

United States District Court,
E. D. Pennsylvania.

July 11, 1979.

Franchot A.S. Golub, Philadelphia, Pa., for plaintiffs.

Gregory S. Hrebiniak, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION

LUONGO, District Judge.

The plaintiffs in this action are taxpayers who seek to enjoin the collection of a federal income tax deficiency assessed for the years 1972 and 1973. They argue that the Internal Revenue Service (IRS) failed to send them a statutory notice of deficiency, as required by I.R.C. §§ 6212(a), 6213(a), and that the IRS should therefore be enjoined both from its present attempts at collection and (since the statute of limitations for those years has run) from any further deficiency assessment for 1972 and 1973.[1]

Because the availability of injunctive relief against the assessment and collection of taxes is strictly circumscribed by the Tax Anti-Injunction Statute, I.R.C. § 7421(a), my power to grant the relief requested depends upon whether this action falls within one of the few exceptions to section 7421(a).[2] Both plaintiffs and defendant agree that compliance with the notice provisions of section 6212(a)[3] is a prerequisite to the power of the IRS to assess a deficiency and to initiate collection, and that absent compliance, the district court may enjoin the IRS from levying on the taxpayer's property without running afoul of section 7421(a).[4] Plaintiffs and defend-

---

1. Initially, the taxpayers requested a temporary restraining order, but the government agreed to maintain the status quo pending resolution of plaintiffs' motion for a preliminary injunction. When the matter was called for a hearing on June 19, 1979, the motion for preliminary relief was consolidated with a final hearing on the merits by agreement of the parties.

2. "Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the per-

son against whom the tax is assessed." I.R.C. § 7421(a).

3. "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." I.R.C. § 6212(a).

4. Section 6213(a) makes this clear:
   [With exceptions not here relevant] no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or

ant sharply diverge, however, on whether the IRS has complied with the statutory notice requirements.

The taxpayers allege that they never received a notice of deficiency. This allegation originally included two alternative arguments: (1) that the IRS never mailed the mandatory notice and (2) that if mailed, the notice was inadequate because it was not sent to the taxpayers' last known address, as provided by section 6212(b)(1).[5] The former ground has since been abandoned, as it became evident at the hearing that the IRS had indeed mailed the statutory notice by certified mail to the address listed on the taxpayers' 1972 and 1973 returns. Now relying solely on their second argument, the taxpayers contend that the notice should have been sent to a different address of which the IRS had notice in 1976, prior to the date of mailing.

The availability of injunctive relief, then, turns on this very narrow issue—whether the mailed notice, although not received by the taxpayers, was nevertheless sufficient because sent to the taxpayers' last known address. After evaluating the evidence adduced at the hearing, I conclude that the mailing satisfied the requirements of section 6212(a) and (b)(1) and that the requested injunction must be denied.

## THE FACTS

During the period relevant to this inquiry, i. e., 1972–1976, the taxpayers maintained two residences—at 201 South 18th Street, Philadelphia, Pennsylvania, and at 1305 Pleasure Avenue, Ocean City, New Jersey. After August 1971, the Philadelphia address became the taxpayers' permanent place of residence, with the Ocean City property maintained for weekend and summer use. Nevertheless, on their 1972 and 1973 joint individual income tax returns (form 1040), the taxpayers gave 1305 Pleasure Avenue, Ocean City, as their address. Defendant's Exhibits Nos. 1, 2. The partnership income schedules K1 for 1972 and 1973, which were filed with the respective individual income tax returns, listed 318 Rittenhouse Claridge, Philadelphia, Pennsylvania, as Mr. Wagner's business address. Plaintiffs' Exhibit No. 3.

In 1975, the IRS notified the taxpayers of an audit of their 1972 and 1973 tax returns, to be handled through the Newark office of the IRS. The taxpayers communicated with the IRS agent in Newark, explained that the New Jersey address was used only in summer and on weekends, and requested that the audit take place in Philadelphia since both their accountant and the books and records of the partnership (which gave rise to the questioned deduction) were located in Philadelphia. The taxpayers' accountant later formalized this request by letter dated September 24, 1975. Defendant's Exhibit No. 4. The taxpayers gave a power of attorney to their accountant, and the case was transferred to the Philadelphia office of the IRS. Shortly thereafter, upon request by the Philadelphia agent in charge of the audit, the taxpayers executed a second power of attorney to their accountant. (Neither power was introduced into evidence and I cannot recall testimony that the address given for the taxpayers differed from the address on the forms 1040).

In March 1976, the taxpayers' accountant, pursuant to the power of attorney, filed a Form 872, consenting to extend the statute of limitations for the 1972 tax year. The

---

prosecuted until such notice has been mailed to the taxpayer. . . . *Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding. or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.*
I.R.C. § 6213(a) (emphasis added).
Furthermore, the Supreme Court has twice recently noted that section 6213(a) contemplates the power of the district court to enjoin the collection of a deficiency where the IRS has failed to follow the provisions with respect to notice. *Commissioner v. Shapiro*, 424 U.S. 614, 616–17, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *Laing v. United States*, 423 U.S. 161, 184–86 n.27, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976).

5. "[N]otice of a deficiency in respect of a tax imposed by subtitle A, chapter 12 [and the chapters outlined in subsection a], if mailed to the taxpayer at his last known address, shall be sufficient. . . ." I.R.C. § 6212(b)(1).

taxpayers' address listed on that form was 1305 Pleasure Avenue, Ocean City. Defendant's Exhibit No. 3. Sometime in April, 1976, the taxpayers received a 10-day notice that had been sent to their Ocean City address. The taxpayers notified their accountant who, in turn, communicated to the IRS the taxpayers' objections to that notice.[6] In May 1976, the taxpayers executed a power of attorney to the accounting firm representing the general partnership with respect to the same substantive issue as that questioned in the taxpayers' audit. That power listed Mr. Wagner's business address, 318 Rittenhouse Claridge, Philadelphia. Plaintiffs' Exhibit No. 2.

Although the 1976 return[7] listed the Philadelphia residence as the taxpayers' address and although the taxpayers had all contact with the auditing agents at the Philadelphia business address, the taxpayers at no time prior to December 31, 1976, formally notified the IRS, by document or by specific oral communication, that they had changed residence from the Ocean City address to the Philadelphia address. On December 22, 1976, the IRS sent by certified mail a statutory notice of deficiency for the years 1972 and 1973 to the plaintiffs at 1305 Pleasure Avenue, Ocean City. Defendant's Exhibit No. 6. On January 18, 1977, the notice of deficiency was returned, unclaimed, to the IRS. Defendant's Exhibit No. 5. The IRS took no further action at this point because the statute of limitations for the tax years 1972 and 1973 had expired December 31, 1976.

## THE ADEQUACY OF THE NOTICE

■ The crucial question here is whether the notice was sent to the taxpayers' last known address. Section 6212(b)(1) provides simply that a deficiency notice mailed to the taxpayers' last known address shall be sufficient; the section does not explicate the phrase "last known address," nor is its meaning amplified elsewhere in the Code. It is sufficiently clear, however, at least in this circuit, that inasmuch as section 6212(b)(1) was enacted for the Secretary's benefit, "last known address" means that address to which the Commissioner reasonably believes the taxpayer wishes the notice sent. *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir. 1967), *cert. denied*, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968). The corollary to this rule is that the taxpayer bears responsibility for informing the Commissioner of changes in address. Otherwise, as the courts have recognized, the Commissioner is justified in treating the address on the return for the year in question as the address to which notice should be sent absent clear and concise notification to the contrary. *E. g., Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974).[8]

■ Of course, the Commissioner is bound by an address of which his agents acquire actual knowledge. *Id.* at 375 (collecting cases). And, as plaintiffs correctly argue, verbal communication of a change of address will suffice to charge the Commissioner with knowledge of that address. *DeWelles v. United States*, 378 F.2d 37, 39 (9th Cir.), *cert. denied*, 389 U.S. 996, 88 S.Ct. 501, 19 L.Ed.2d 494 (1967). Unfortunately, as I have already stated, the plaintiffs have failed to demonstrate that they conveyed to

---

**6.** There was no testimony that either the taxpayers or the accountant specifically mentioned that the Ocean City address was not the taxpayers' permanent residence address or that notice should, in the future, be directed to a different address.

**7.** It was unclear from the accountant's initial testimony whether this return was the return filed *in* 1976 or for the 1976 tax year. From the testimony elicited on cross-examination, however, it appears that the accountant was referring to the return for the 1976 tax year, filed in April 1977.

**8.** The Commissioner is not chargeable with knowledge of a different address that appears on returns filed subsequent to the tax year in question, even though the later return was processed at the same service center. *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 376–77 (1974) (" 'Code does not require a check with a service center for verification of the "last known address" of a taxpayer prior to the issuance of a statutory notice' ").

the IRS, either verbally or in writing, specific notification that the Philadelphia address was their principal residence. The taxpayers would have me construe the verbal request for the Philadelphia-based audit (with its concomitant communication that the Ocean City residence was used in summer and on weekends) and the accountant's written confirmation thereof as an effective notification of a change of address. This I cannot do. Both the taxpayer's colloquy with the Newark-based agent and the accountant's follow-up letter simply convey the information that Philadelphia was a more convenient location for the audit; they do not constitute "clear and concise notice" of a change in address. See Alta Sierra Vista, Inc. v. Commissioner, supra, 62 T.C. at 376. Indeed, there is no testimony that the Philadelphia residence address (201 South 18th Street) was ever communicated to the IRS, as the substance of the conversation with the IRS agent in Newark apparently related only to the Ocean City residence and Mr. Wagner's business address at the Rittenhouse Claridge.[9]

The taxpayers' subsequent action and nonaction further undermine their contention that the IRS had sufficiently clear notice of the Philadelphia address. The consent form 872, executed in March 1976 by the taxpayers' accountant on their behalf, listed the taxpayers' address as 1305 Pleasure Avenue, Ocean City. The 10-day notice received in April 1976 was sent to the Ocean City address, and although the taxpayers were later in communication with the IRS, they did not complain that the notice had been sent to the wrong address, nor did they request that future communication be directed to the Philadelphia address.[10] At the very least, this April notice

should have prompted the taxpayers to realize that the IRS either did not possess the taxpayers' then-current Philadelphia residence address or did not understand that the taxpayers wished all correspondence to be directed to that address. Finally, the taxpayers cannot rely on the May 1976 power of attorney, which lists the Rittenhouse Claridge address, as effectuating their change of address. This document adds nothing to the Commissioner's knowledge, as the IRS was already aware of the Rittenhouse Claridge address through the partnership income schedules and the contact with respect to the audit.

The most that can be said from the evidence presented is that the IRS had knowledge of a residence address in Ocean City at which the taxpayers had been reached as late as April 1976 and a business address in Philadelphia. "The Internal Revenue Service is often presented with more than one address for a taxpayer, and where in the course of dealings between the Commissioner and the taxpayer, letters are successfully sent to different addresses, it is unreasonable to assume that one and not the other of the addresses is the 'last known address' for the purpose of giving the deficiency notice." Berger v. Commissioner of Internal Revenue, 404 F.2d 668, 671 (3d Cir. 1968), cert. denied, 395 U.S. 905, 89 S.Ct. 1744, 23 L.Ed.2d 218 (1969). I cannot conclude, under the circumstances of this case, that the Commissioner made an unreasonable decision when he addressed the deficiency notice to the Ocean City residence listed on the taxpayers' 1972 and 1973 forms 1040.

■ The taxpayers raise one final argument that centers around the impact of the

---

9. In their proposed findings of fact, the taxpayers request the finding that their accountant "orally notified Internal Revenue Service that taxpayers were residing in Philadelphia at 201 South 18th Street, Philadelphia, Pennsylvania." Document No. 4, ¶ 4 at 2. The accountant's testimony on this point was somewhat equivocal, and I do not recall specific mention of the Philadelphia residence address. But, even if I were to make the requested finding, I cannot conclude that the mere mention of that address as the taxpayers' residence, without more, con-

stitutes the "clear and concise notice" of a change in address, as required by the cases. At most, it would simply give the Commissioner an additional address to consider, thereby further obfuscating the correct address issue and making the Commissioner's attempt to ascertain where the notice should be sent that much more difficult. See Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 376 (1974).

10. See note 6 supra.

May 1976 power of attorney. Relying on *Philip Reddock,* 72 T.C. No. 2, [1979] Tax Ct.Rep. (CCH) 35,976, the taxpayers argue that "[w]here a taxpayer gives a Power of Attorney to [the] Internal Revenue Service and specifies in that Power of Attorney that notice is to be given to an agent, that notice must be given." Document No. 4, ¶ 2 at 3. I cannot agree with plaintiffs that *Reddock* sweeps as broadly as they contend, and I certainly am not inclined to extend the decision beyond its facts, upon which it is readily distinguishable from the instant case. The power of attorney in *Reddock* provided that "all notices and other communications" be sent to the taxpayers at the address of their attorney and therefore differed from the routine power executed by these plaintiffs, which directs that "copies" of notices and correspondence be sent to the holder of the power. Where the power requests only copies, that request is generally respected as a matter of convenience only and failure to comply will not render an otherwise valid notice invalid. *See, e. g., Mickens v. United States,* 425 F.Supp. 732, 733 (E.D.Mo.1977).

■■■ I therefore conclude that the notice mailed to the Ocean City address satisfied the provision in section 6212(b)(1) that notice be sent to the taxpayer's last known address.[11] Since the IRS has complied with the statutory prerequisite to its power to collect the deficiency, I must deny the plaintiffs' request for injunctive relief and I will enter an order accordingly.[12]

The foregoing constitutes the findings of fact and conclusions of law as required by Rule 52(a).

---

11. That the notice was not received by the taxpayer is irrelevant if it is properly addressed and mailed. *Boccuto v. Commissioner,* 277 F.2d 549, 551 (3d Cir. 1960).

12. Although the taxpayers must now pay the deficiency, they still have the opportunity to contest the merits of the assessment by petitioning for a refund and then suing in the district court. I.R.C. § 7422; *see Delman v. Commissioner,* 384 F.2d 929, 934 (3d Cir. 1967), *cert. denied,* 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968).