**TRAILS END MOTELS, INC., a Kansas corporation, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE; Acting District Director, Jim Kelly; and Agent William Bryant, Defendants.**

Civ. No. 81–1275.

United States District Court, D. Kansas.

Feb. 10, 1982.

Richard L. Schodorf, Wichita, Kan., for plaintiff.

G. Scott Nebergall, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

KELLY, District Judge.

■ Plaintiff Trails End Motels, Inc. has brought this action to enjoin the collection of a federal income tax deficiency assessed for plaintiff's fiscal year ended March 31, 1977. A court's power to grant relief against the collection of taxes is, of course, severely limited by the Tax Anti-injunction Statute, 26 U.S.C. § 7421; plaintiff, however, contends that the instant case falls within one of the explicit exceptions to the statute, in that the Internal Revenue Service (IRS) did not timely mail a notice of deficiency to plaintiff at plaintiff's "last known address," as required by 26 U.S.C. §§ 6212(a) and 6212(b), and is thus barred from proceeding with collection by virtue of 26 U.S.C. § 6213(a). The matter is now before the Court on cross motions for summary judgment; the sole issue on which this case turns is whether a notice of deficiency, timely sent to plaintiff via certified mail but not received, was sent to the proper address. As explained below, the Court must conclude that the notice was indeed sent to the proper address; it follows that

summary judgment must be granted in favor of defendants.

The events that led to this lawsuit may fairly be said to have begun in late 1979, when IRS Revenue Agent Richard Withrow began an audit of the personal income tax liability of Sherman Sampson and his wife, LaFaye Sampson, for tax year 1977. In the course of the audit, Agent Withrow learned that the Sampsons had received substantial income from plaintiff Trails End Motels, Inc., a closely held corporation of which the Sampsons were and are officers, directors, and major shareholders, and the scope of the audit of the Sampsons was thus expanded to cover plaintiff's affairs in tax year 1977 as well. Since about 1978 plaintiff's sole asset and place of business has been the Lakeshore Supper Club, which is located at 3800 South Seneca, Wichita, Kansas. Nominally, LaFaye Sampson is plaintiff's president; in practice it is apparently she who is responsible for the normal day-to-day business management of the club. Nominally, Sherman Sampson is plaintiff's secretary-treasurer; he regards himself as responsible for plaintiff's "really top level" decisions which, the Court gathers, include all non-routine dealings with the IRS.

In about February 1980 Agent Withrow went to the club and asked Mrs. Sampson for access to plaintiff's records; she provided him with the key to a commercial storage locker in which the records were kept. Agent Withrow left to retrieve the records; when he returned to the Lakeshore Supper Club he encountered Mr. Sampson, who was angry because he believed that Agent Withrow had taken advantage of Mrs. Sampson. Mr. Sampson took the records from Agent Withrow, told him that he "couldn't have them unless he got them through a court order," and told him that the IRS should have no further communication with Mrs. Sampson, but should communicate instead with Mr. Sampson at his Mount Hope, Kansas, home. Mr. Sampson also told Agent Withrow that all records would shortly be moved from the storage locker to Mount Hope, and gave Agent Withrow his Mount Hope mailing address and unlisted phone number.

In further contacts between Mr. Sampson and Agent Withrow, Mr. Sampson continued to refuse to produce any records without a court order. On February 28, 1980, Agent Withrow issued summonses for appropriate records to the Sampsons individually and to Mrs. Sampson as president of plaintiff; these summonses were ignored. On May 8, 1980, Agent Withrow initiated proceedings for the enforcement of the summonses before Judge Theis, Chief Judge of this Court. On July 11, 1980, Judge Theis ordered plaintiff and the Sampsons to comply with the summonses; this order was also ignored, apparently because counsel for plaintiff and the Sampsons believed that Judge Theis's order was automatically stayed pending appeal to the Court of Appeals for the Tenth Circuit. On September 12, 1980, such a stay of Judge Theis's order was requested, and on November 25, 1980, Judge Theis denied that request. On about December 22, 1980, the summonses were finally complied with, at least in part.

During December 1980, Agent Withrow knew that, although he had not completed the audit of plaintiff and the Sampsons because the necessary records had not been produced, the statute of limitations for plaintiff's 1977 tax year would run on December 19, 1980; he also knew that plaintiff's counsel had refused to execute a consent to extend the statute of limitations. Accordingly, in order to protect the IRS position, Agent Withrow disallowed all plaintiff's deductions for 1977, and had corresponding statutory notices of deficiency sent to plaintiff by certified mail, return receipt requested. The first of these notices was addressed to 3800 South Seneca, Wichita, Kansas 67217; this was the location of plaintiff's sole place of business and the address listed by plaintiff on its three then most recent Employer's Quarterly Federal Tax Returns, which had been sent to the IRS on January 31, 1980, April 29, 1980, and July 30, 1980. The second of these notices was addressed to 2541 South Custer, Wichita, Kansas 67217; this was the address listed by plaintiff in its then most recent Federal Income Tax Return, which

had been sent to the IRS on December 19, 1979.[1] The second notice was returned immediately by the Post Office as "G.N.O. Not in Directory;' the first notice was returned on January 3, 1981, as "unclaimed" after two attempts at delivery. Between December 12, 1980, the date the notices of deficiency were sent out, and January 9, 1981, the date that Agent Withrow left the IRS's employ, Agent Withrow had several conferences with plaintiff's counsel, but the notices of deficiency were not mentioned; when Agent Withrow left the IRS he knew that the secnd notice had been returned undelivered, but was unaware that the first notice had been returned as unclaimed. By the time that plaintiff became aware that the notices had been sent, the 90 day period in which plaintiff might, under 26 U.S.C. § 6213, have petitioned the United States Tax Court for a redetermination of the deficiency had expired.

■ Plaintiff's first contention is that Mr. Sampson's remarks to Agent Withrow at their February 1980 encounter constituted notice that plaintiff's address was Mr. Sampson's Mount Hope post office box. While there is ample authority to the effect that the IRS is bound by oral notification of an address change given to one of its agents, *see, e.g., Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 375 (1974); *Cohen v. United States*, 297 F.2d 760, 773 (9th Cir.), *cert. denied*, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 24 (1962), any such notification must be "clear and concise," *see, e.g., Wagner v. United States*, 473 F.Supp. 276 (E.D.Pa.1979); *Alta Sierra Vista, Inc., supra*, at 374. As the Court reads Mr. Sampson's descriptions of his statements to Agent Withrow, they simply do not pass muster as notification of plaintiff's address; they more nearly appear as a direction to stay away from Mrs. Sampson, and deal with Mr. Sampson instead (certainly that is how Agent Withrow understood them). Even if these statements of Mr. Sampson somehow qualified as a notification to the

IRS of plaintiff's address, the subsequent quarterly returns, which plainly and unambiguously state that plaintiff has the South Seneca address to which the deficiency notices were sent, would themselves qualify as notification of an address change. It may well be that Mr. Sampson regarded himself and Trails End Motels, Inc. as one and the same; the Court believes, however, that the IRS may be forgiven for drawing a distinction between the human being and the corporation.

Plaintiff's second contention is that Agent Withrow and the IRS deliberately arranged that the statutory notice would be sent in such a manner that plaintiff would not actually receive it. This wild accusation is not supported by the record. Agent Withrow sent the notice to the South Seneca location of plaintiff's only ongoing business operation; a place where plaintiff's suppliers sent bills, where plaintiff's president, Mrs. Sampson, as well as other of plaintiff's employees, were found day in and day out, a place where plaintiff received tax forms, a place that plaintiff listed time and again as its address on forms filed with the IRS, and a place where, as plaintiff put it in its first complaint in this case, plaintiff and the IRS had "on numerous occasions" communication with regard to tax matters. Plaintiff now contends that Agent Withrow should have sent the notice of deficiency to Mount Hope, but *three* previous items of certified mail had during 1980 been sent by the IRS to the Sampsons at that address, and yet had gone unclaimed and been returned. Had Agent Withrow sent the notice to the Mount Hope address and had that notice gone unclaimed, plaintiff would no doubt now be arguing that the notice should have been sent to the South Seneca address, and would indeed find strong support in the case law for such an argument. *See Kennedy v. United States*, 403 F.Supp. 619 (W.D.Mich.1975).

1. 2541 South Custer was once the address of an unrelated business operated by Mr. Sampson's son; it was apparently listed on the return because of a mistake made by plaintiff's accountants. Defendants do not contend that this was the proper address to send the notice of deficiency.

Plaintiff's third contention is that the IRS owed it some duty, once the notices were returned unclaimed, to make further efforts to give it notice. This argument must be rejected for two reasons. In the first place, contrary to the assertions of plaintiff's counsel, the record does *not* show that Agent Withrow knew that the notice sent to the South Seneca address (as opposed to the South Custer address) had been returned. In the second place, if the IRS had to follow up every unsuccessful mailing to a taxpayer's last known address with further efforts to reach him, the "obviously impossible" administrative burden that Section 6212(b) and its predecessors were designed to eliminate, *see* H.R.Rep.No.2, 70th Cong., 1st Sess., at 22; S.Rep.No.960, 70th Cong., 1st Sess., at 30, would be reimposed, and well-established case law to the effect that Section 6212(b) does not require actual receipt of deficiency notices, *see, e.g., Wilson v. Commissioner*, 564 F.2d 1317 (9th Cir. 1977); *United States v. Ahrens*, 530 F.2d 781 (8th Cir. 1976); *Delman v. Commissioner*, 384 F.2d 929 (3rd Cir. 1967); *Luhring v. Glotzbach*, 304 F.2d 556 (4th Cir. 1962), would be rendered meaningless. As the plain language of Section 6212(b) indicates, mere mailing of the notice to the proper address "shall be sufficient;" Congress has required no more. More important, the approach urged by plaintiff would utterly contravene the purpose of Section 7421(a): "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in suit for a refund.'" *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974), (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)). The standard that this Court must follow has plainly and succinctly been stated by the Supreme Court: "[o]nly if it is . . . apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained." *Id.* Plaintiff has not begun to meet that heavy burden: its sole remedy, therefore, is to pay the assessment and sue for a refund. *See, e.g., Delman, supra*, at 934.

IT IS ACCORDINGLY ORDERED that plaintiff's motion for summary judgment be denied, that defendants' motion for summary judgment be granted, and that this case be dismissed.