**Jay GILBERT, etc., Plaintiff,**

**v.**

**Dennis JOHNSTON, etc., et al., Defendants.**

**No. 89 C 956.**

United States District Court, N.D. Illinois, E.D.

Aug. 4, 1989.

Charles W. Sigarusa, Crowley, Barrett & Karaba, Chicago, Ill., for plaintiff.

Donald J. Nolan, Law Offices of Donald J. Nolan, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

New South Publications, Inc. ("New South") has just filed its Answer to the

---

Complaint brought by Jay Gilbert d/b/a Sam Preprint against New South and other defendants. Based on this Court's initial review of the Answer, it strikes portions of that pleading sua sponte.

 New South's Answer reflects its lawyer's noncompliance with a fundamental principle of pleading—a noncompliance that anyone (such as this Court) burdened with the regular reading of responsive pleadings filed in this District must begin to view as endemic to this area.[1] Each of Answer ¶¶ 2, 7, 8, 9, 11, 13, 15, 16, 18, 29, 30 and 37 either includes or is made up entirely of the following type of statement:

> Defendant lacks the knowledge sufficient to form a belief as to the truth of the allegations of paragraph — and, therefore, neither admits nor denies such allegations, but demands strict proof thereof.

But that form of statement clearly does not conform to the dictates of Fed.R.Civ.P. ("Rule") 8(b)—and the departure is not merely technical but substantive.

Rule 8(b) is quite specific in defining the only circumstances under which a pleader can do something other than either admit or deny an allegation:

> If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.

That carefully-framed requirement has gained added significance now that Rule 11 has put added teeth into the need for a lawyer's prior verification of what is said in any pleading he or she signs or files. Rule 8(b) teaches (1) the critical factor for a party seeking the benefit of a deemed denial is his or her *belief,* rather than out-and-

out knowledge, as to whether or not an allegation is true and (2) *information* may be enough to support such a belief that the allegation is true.

Merely saying that someone lacks knowledge (leaving the pleading silent as to the lesser requirement of information), or saying that someone "neither admits nor denies" allegations, is a position that may well flout Rule 8(b). After all, such equivocal statements can clearly mask the person's inability to qualify in good conscience (another way of expressing the objective good faith mandated by Rule 11) for a deemed denial. Such departures from the Rule may of course simply reflect counsel's carelessness, but even so they must be corrected.

As for the Answer's references to "strict proof," they find no warrant either in the Rules or, for that matter, the Illinois Code of Civil Procedure—both of which can be searched in vain for any such concept. This Court will not trouble itself to ask counsel for an explanation of (1) exactly what "strict proof" means, (2) what its origins are as a pleading standard or (3) where counsel got the idea that concept plays any part at all in litigation today.

Accordingly each statement in the Answer that takes the form quoted earlier in this memorandum opinion and order is stricken. Unless on or before August 14, 1989 New South files an amendment to its Answer to replace the stricken statements, all the allegations in the Complaint to which they are directed shall be deemed admitted.

---

1. So many pleadings reflecting the flaws discussed in this opinion have been coming across this Court's desk that:

    (a) There is room for a growing suspicion that someone somewhere has produced a pleadings form book (no doubt entitled *Federal Rules of Civil Procedure: How Not To Plead*) prescribing the kind of response referred to in this opinion.

    (b) Much of the substantive content of this order has become a standardized form (sub-

ject to any necessary minor adaptations for particular situations) available on the word processor used by this Court's secretary.

    (c) This opinion is being published in the forlorn hope that it may stanch the flow of such pleadings (though it would be overly sanguine to expect any appreciable diminution—nonreaders of Rule 8(b) are also likely to be nonreaders of F.Supp. and F.R.D.).