**CONTROLLED ENVIRONMENT SYSTEMS, etc., Plaintiff,**

v.

**SUN PROCESS CO., INC., et al, Defendants.**

**No. 96 C 5622.**

United States District Court, N.D. Illinois, Eastern Division.

June 25, 1997.

---

Sherwin I. Pogrund, David Benjamin Pogrund, Stone, Pogrund, Korey & Spagat, Chicago, IL, for Controlled Enviroment Systems.

Bernard Wiczer, Elliot Scott Wiczer, Northbrook, IL, for Sun Process Co., Inc., Sun Process Converting, Inc., LaSalle Nat. Bank Trustee, LaSalle Nat. Trust, N.A.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Controlled Environment, Ltd. ("Controlled Environment") has filed two pleadings in connection with the pleadings previously filed by one of the codefendants in this action, Sun Process Converting, Inc. ("Sun Process"). This memorandum opinion and order is issued sua sponte to address some problematic aspects of the current Controlled Environment filings.

■ To begin with, Controlled Environment's Reply to Defendant's Affirmative Defenses must be stricken as a pleading that is unauthorized under federal practice—see the last sentence of Fed.R.Civ.P. ("Rule") 7(a).

This Court's usual practice is not to issue a separate order to deal with a lawyer's error of that nature (something that simply causes some additional papers to be placed in the court file just to get rid of the unauthorized papers). But in this instance the need to address Controlled Environment's counsel's disregard of some other provisions of the Rules eliminates that problem of a zero-sum paper game.

■ To turn then to Controlled Environment's Answer to Sun Process' Counterclaim, a number of its provisions (Answer ¶¶ 7, 9, 10 and 12) impermissibly decline to answer on the ground that each of two documents on which Sun Process' Counterclaim seeks to rely "speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)—but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that *are* permitted by Rule 8(b) in response to all allegations about the contents of documents.

■ Finally, Answer ¶ 10 compounds that "speaks for itself" problem by saying that Controlled Environment "lacks sufficient personal knowledge of the remaining allegations contained within paragraph 10 and therefore neither admits nor denies said allegations but demands strict proof thereof." That of course runs afoul of the second sentence of Rule 8(b), which specifically calls for a more demanding representation to entitle a responding party to the benefit of a deemed denial. It was obvious to the drafters of Rule 8(b), as it should be to everyone, that in light of what it takes for anyone to have real knowledge of a fact, it is entirely possible for someone to lack *knowledge* but still to have enough *information* to form a *belief* (see *Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D.Ill.1989)[1]). That is why Rule 8(b) also requires a disclaimer of both of those things, and that is why both Sun Process and this Court are entitled to have a representation from Controlled Environment (if it can do so in objective good faith) as to its lack of

---

1. *Gilbert* also comments on the unsatisfactory nature of a demand for "strict proof," which is not only a concept totally unknown to the Rules but one that really plays no part in any modern pleading regime.

information sufficient to form a belief regarding each of the Complaint's allegations in question.

Accordingly not only the Reply to Defendant's Affirmative Defenses but also each of the Answer's paragraphs referred to in this opinion are stricken. Controlled Environment is granted until July 3, 1997 to file either an amendment to the Answer to cure the flaws identified here, or, if it wishes, a self-contained Amended Answer.