### KING VISION PAY PER VIEW, LTD., Plaintiff,

v.

### J.C. DIMITRI'S RESTAURANT, INC., etc., et al., Defendants.

#### No. 98 C 2787.

United States District Court, N.D. Illinois, Eastern Division.

June 17, 1998.

Jeffrey R. Platt, Carol M. Douglas, Robert E. Bull and John P. Buckley of Ungaretti & Harris, Chicago, IL, for Plaintiff.

Brian D. St. Hilaire, Glen Ellyn, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

J.C. Dimitri's Restaurant, Inc. ("Dimitri's") and James Chelios ("Chelios") have filed what purports to be a Response to Complaint that addresses the Complaint filed against them by King Vision Pay Per View, Ltd. This sua sponte opinion is triggered by the Response's pervasive and impermissible flouting of the crystal-clear directive of Fed.R.Civ.P. ("Rule") 8(b) as to how *any* responsive pleading to a federal complaint must be drafted.[1]

This is it. For too many years[2] and in too many hundreds of cases this Court has been reading, and has been compelled to order the correction of, allegedly responsive pleadings that are written by lawyers who are either unaware of or who choose to depart from Rule 8(b)'s plain roadmap. It identifies only three alternatives as available for use in an answer to the allegations of a complaint: to admit those allegations, to deny them or to state a disclaimer (if it can be made in the objective and subjective good faith demanded by Rule 11) in the express terms of the second sentence of Rule 8(b), which then entitles the pleader to the benefit of a deemed denial.

Here Dimitri's' and Chelios' counsel has engaged in a particularly vexatious violation of that most fundamental aspect of federal pleading. It is hard to imagine, but fully 30 of the Response's 35 paragraphs (its express statements in Response ¶¶ 6–12, 17, 25–26 and 33–34, plus the incorporation by reference of such earlier paragraphs in Response ¶¶ 19 and 28) contain this nonresponse, in direct violation of Rule 8(b)'s express teaching:

> Neither admit nor deny the allegations of said Paragraph—, but demand strict proof thereof.

*Gilbert* and a host of this Court's unpublished opinions since then speak not only of the unacceptability of any such Rule 8(b) violation but also to the equally unacceptable "demand" for "strict proof," a concept that to this Court's knowledge is unknown to the federal practice or to any other system of modern pleading.[3]

This Court's efforts at lawyer education through the issuance of repeated brief opinions or oral rulings, or through faculty participation in seminars and symposia on federal pleading and practice,[4] have proved unavail-

---

1. "Drafted" is really too fancy a label for a task that, in this respect, requires no drafting skills at all—merely the ability to read and to comply with instructions that the Rule's drafters have set out in plain and simple English.

2. *Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D.Ill.1989) was probably the first case in which this Court reduced to published form its identification of the repeatedly manifested problem that is again dealt with here. But *Gilbert* had been preceded by years of like encounters with pleadings too numerous to waste time in tracing, and the near decade that has elapsed since *Gilbert* has exhibited no abatement in lawyers' carelessness of the same kind *or its equivalent.*

3. On occasion this Court has asked lawyers where their usage of the term came from and, less frequently, has asked some of the lawyers who were unable to answer that question (no one has yet done so) to explore the origin of or justification for the usage. To date no hint of an answer has been proffered by any lawyer.

4. Unfortunately those seminars and symposia usually turn out to involve preaching to the converted. Lawyers who really need such continuing legal education rarely attend (they must be too busy making mistakes).

ing. It is time for this Court to follow the Rules itself, in this instance Rule 8(d):

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.

Accord in this Circuit, *Shakman v. Democratic Org. of Cook County*, 533 F.2d 344, 352 (7th Cir.1976) and authorities cited there; and for a somewhat more recent and more extended discussion, *Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 1030 (C.C.P.A.1982) and authorities cited there.[5]

Accordingly all of the allegations of Complaint ¶¶ 6–12, 17, 25–26 and 33–34 are held to have been admitted by Dimitri's and Chelios, and this action will proceed on that basis. And although the same phenomenon referred to in n. 4 probably makes it quite unlikely that the lawyers who are most prone to commit the same offense will be lawyers who are regular (or even sporadic) readers of F.Supp. or F.R.D., this opinion is being sent to West Publishing Company for publication. Future Rule 8(b) violators are hereby placed on constructive notice that their similarly defective pleadings will encounter like treatment.

---

**5.** In light of the unambiguous nature of Rule 8(d), neither the age nor the limited number of cases that have had to echo its terms carries any significance.