RICHARD A. ZAUN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

LOIS JEAN ZAUN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 1941–71, 1942–71. Filed June 3, 1974.

Richard A. Zaun and Lois Jean Zaun, pro se.
*Robert D. Grossman, Jr.*, for the respondent.

OPINION

TANNENWALD, *Judge:* Separate deficiency notices were mailed to Richard A. Zaun and Lois Jean Zaun, who at all times pertinent resided together as husband and wife, on or about December 18, 1970. The notices were addressed to each of them at Post Office Box 7126, Ludlum Branch, Miami, Fla. 33155. This was the address shown on Mr. Zaun's tax return for the calendar year at issue herein. Mrs. Zaun did not file a return for that year. Mr. Zaun and Mrs. Zaun each forwarded a petition to the Court in an envelope bearing the postmark

date of March 18, 1971, the 90th day after the date of the mailing of the notices of deficiency. This was the last day of the period specified in section 6213(a).[1]

The principal substantive issue involved herein stems from an involuntary conversion of property in 1964, claimed by respondent to have belonged to petitioners, and a jeopardy assessment issued by respondent on April 27, 1964, together with an accompanying termination of petitioners' taxable year under section 6851. No deficiency notices were issued by respondent in accordance with section 6861(b), but such failure has no bearing on the validity of the deficiency notices involved herein. *Esther Melnick Teitelbaum*, 40 T.C. 223 (1963). The jeopardy assessment was subsequently abated and practically all of the funds seized pursuant thereto were subsequently refunded. Thereafter, Mr. Zaun filed a timely 1964 return and, on applications by Mr. Zaun, respondent granted a series of extensions of time to reinvest the proceeds of such conversion in accordance with the provisions of section 1033 and the regulations thereunder. See sec. 1.1033 (a)–2(c)(3), Income Tax Regs. The last extension expired on January 31, 1970, so that the deficiency notices involved herein were timely under section 1033(a)(3)(C).

Petitioners' motions to dismiss rest upon the proposition that, in the course of the various proceedings relating to the jeopardy assessment, its abatement, the refund, and the granting of extensions of time, respondent was put on notice that "the last known address" of each of petitioners (see sec. 6212(b)(1)) was 337 Gonwood Circle, Valdosta, Ga., and that consequently the notices of deficiency herein should have been sent to that address. We see no need to detail the dates and addresses utilized by Mr. Zaun in his written communications to the Internal Revenue Service nor in the written communications from the Internal Revenue Service to Mr. and Mrs. Zaun. The most that can be said on the basis of the facts as alleged by the petitioners is that there was confusion as to their "last known address." There is nothing in the record to show that respondent was ever clearly put on notice as to any change in petitioners' address for tax purposes from that shown on Mr. Zaun's return. In this connection, we note that the last extension of time within which to replace the converted property, to wit, from December 31, 1969, to January 31, 1970, is addressed to the Zauns at the Miami address and, according to Mr. Zaun's allegations on brief in support of his motion, was personally picked up by him, apparently without any objection to the address used. Moreover, even if we were to assume for purposes of decision

---

[1] All references are to the Internal Revenue Code as amended and in effect during the periods involved in these cases.

herein that Valdosta, Ga., was the last known address, the fact remains that petitioners received actual notice—albeit oral and apparently very short notice of a few days—and filed timely petitions. Such being the case, the statutory requirements have been satisfied and the Court has jurisdiction to proceed with the within cases. *Daniel Lifter*, 59 T.C. 818 (1973), and cases cited therein. We have given careful consideration to the numerous cases cited by Mr. Zaun in his memorandum in support of his motion and find all of them clearly distinguishable.

We recognize that, assuming that petitioners' allegations are correct, the notice was only oral and that petitioners did not actually receive copies of the deficiency notices themselves until the service of respondent's answer on May 24, 1971. We do not consider this of significance, in the context of the instant case. Moreover, that date is well within the 3-year period of limitations for the assessment of deficiencies specified in section 1033(a)(3)(C). Additionally, with respect to Mrs. Zaun, the period for assessment remained open indefinitely because she apparently failed to file any return for the taxable year in question. Sec. 6501; *Adell D. Cox*, 54 T.C. 1735, 1740 (1970).

Mrs. Zaun also alleges that she was never knowingly involved in title to the property which was involuntarily converted and that her husband assumed all responsibility for reinvestment, with the result that she should not be subjected to any liability for tax. Even assuming that such allegations are true, they raise a potential substantive issue, the factual foundation and relevancy of which should be dealt with at trial.

In short, we do not believe that there was "an error or irregularity of sufficient magnitude to nullify" the deficiency notices herein. See *Marjorie F. Birnie*, 16 T.C. 861, 862 (1951). Accordingly, petitioners' motions to dismiss will be denied.

*An appropriate order will be entered.*