ALTA SIERRA VISTA, INC., SUCCESSOR IN INTEREST TO ALTA SIERRA RANCHES, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

ALTA SIERRA VISTA, INC., SUCCESSOR IN INTEREST TO ALTA SIERRA CATTLE CO., INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 4024–73, 4025–73.   Filed June 24, 1974.

*Stephen J. Schwartz* and *Charles A. Lane,* for the petitioners.
*Leo McLaughlin,* for the respondent.

OPINION

RAUM, *Judge:* The central issue in this case is whether the Commissioner issued to petitioner valid notices of deficiency. The statutory requirements of such notices are set forth in section 6212, I.R.C. 1954.[2] Section 6212(a) authorizes the Secretary of the Treasury or his delegate to send a notice of deficiency in respect of income taxes to the taxpayer by certified mail or by registered mail; section 6212 (b)(1) provides, with an exception not here pertinent, that when the notice is mailed to the taxpayer's "last known address," it is "sufficient" even if the taxpayer is dead or is under a legal disability or has terminated its corporate existence. Despite the seemingly nonmandatory language of subsection (b), some courts have at least suggested that there is thereby imposed a necessary condition to the validity of every deficiency notice, namely, that the Commissioner mail it to the taxpayer's last known address. Cf. *DeWelles* v. *United States*, 378 F. 2d 37, 39 (C.A. 9), certiorari denied 389 U.S. 996; *Frances Lois Stewart*, 55 T.C. 238, 241; *John W. Heaberlin*, 34 T.C. 58, 59; but see *Berger* v. *Commissioner*, 404 F. 2d 668, 672–674 (C.A. 3), affirming 48 T.C. 848, certiorari denied 395 U.S. 905; *Delman* v. *Commissioner*, 384 F. 2d 929, 932–933 (C.A. 3), affirming a Memorandum Opinion of this Court, certiorari denied 390 U.S. 952; *Clement Brzezinski*, 23 T.C. 192, 194–195. It is in any event clear, however, that by properly mailing the deficiency notice to the taxpayer's last known address, the Commissioner can insure the efficacy of that notice. Cf. *DeWelles* v. *United States*, 378 F. 2d 37, 39 (C.A. 9); *Gregory* v. *United States*, 57 F. Supp. 962, 974 (Ct. Cl.), certiorari denied 326 U.S. 747; *Clement Brzezinski*, 23 T.C. 192, 195.

---

[2] Sec. 6212 provides in relevant part:

SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 42, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, or chapter 42, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

The notice provisions of section 6212 are complemented by the Tax Court filing requirements contained in section 6213.[3] A taxpayer may file a petition with the Tax Court for redetermination of a deficiency only within 90 days "after the notice of deficiency authorized in section 6212 is mailed." Sec. 6213(a). The purpose of this section is to provide the taxpayer with an opportunity to challenge in the Tax Court an alleged deficiency before he has to pay it. When these sections are read together, a clear statutory pattern emerges (*DeWelles* v. *United States*, 378 F. 2d 37, 39 (C.A. 9)) :

> The obligations under §§ 6212 and 6213 are mutual. The Secretary's delegate must mail the notice of deficiency to the taxpayer's last known address; if he does not, the 90-day period does not run, and the Tax Court will not have jurisdiction to determine the assessment. J. W. Heaberlin, 34 T.C. 58 (1960). If, however, the notice is properly sent, the taxpayer is bound to petition the Tax Court within 90 days, and even a showing that he did not receive the notice at the last known address will not excuse the taxpayer. Luhring v. Glotzbach, 304 F. 2d 556 (4th Cir. 1962). * * *

Petitioner herein contends that the Drawer E address was not its last known address and that the Government thus failed to comply with the statutory procedure set forth in section 6212. Consequently, although petitioner does not deny having received the notices on January 11, 1973, it argues that the statutory period of limitations had expired in the interim, and the Commissioner is therefore barred from assessing the deficiencies here in question. The Commissioner responds simply that the deficiency notices were mailed to petitioner's last known address and that petitioner filed its petition herein after the expiration of the 90-day period which commenced on December 29, 1972, the mailing date. The Court, he concludes, is therefore without jurisdiction and must grant the Commissioner's motion to dismiss for that reason. We hold that the Commissioner must prevail here.

---

[3] Sec. 6213 provides in relevant part :

SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES ; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

* * * * * * *

(c) FAILURE TO FILE PETITION.—If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary or his delegate.

Although the Code does not address itself to that which constitutes a taxpayer's last known address, we have consistently held that the last known address is the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications. *Daniel Lifter*, 59 T.C. 818, 820–821; *Culver M. Budlong*, 58 T.C. 850, 852; *Harvey L. McCormick*, 55 T.C. 138, 141. See *Gregory* v. *United States*, 57 F. Supp. 962, 973 (Ct. Cl.). The relevant inquiry pertains to the Commissioner's knowledge rather than to what may in fact be the taxpayer's most current address in use. Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address. *Cohen* v. *United States*, 297 F. 2d 760, 773 (C.A. 9), certiorari denied 369 U.S. 865; *Clark's Estate* v. *Commissioner*, 173 F. 2d 13, 14 (C.A. 2), affirming 10 T.C. 1107; *Gregory* v. *United States*, 57 F. Supp. 962, 973 (Ct. Cl.); *Culver M. Budlong*, 58 T.C. 850, 852; *Harvey L. McCormick*, 55 T.C. 138, 141–142. And while the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address (*Arlington Corp.* v. *Commissioner*, 183 F. 2d 448, 450 (C.A. 5), reversing a Memorandum Opinion of this Court; *Maxfield* v. *Commissioner*, 153 F. 2d 325, 326 (C.A. 9), reversing Tax Court order of dismissal), he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address. *Luhring* v. *Glotzbach*, 304 F. 2d 556, 558–559 (C.A. 4); *Daniel Lifter*, 59 T.C. 818, 821; *Culver M. Budlong*, 58 T.C. 850, 852; *Frances Lois Stewart*, 55 T.C. 238, 241; *Harvey L. McCormick*, 55 T.C. 138, 141; *Langdon P. Marvin, Jr.*, 40 T.C. 982, 984–985. "The last known address thus becomes a matter of proof in each case in which the question arises." *Maxfield* v. *Commissioner*, 153 F. 2d 325, 326 (C.A. 9).

Bearing in mind that when a taxpayer changes his address it is he who must notify the Commissioner of such change or else accept the consequences, we are satisfied that the Drawer E address was the "last known address" herein. That is the address which petitioner used on its tax returns for the 2 years which were the subject of the Service's examination that was conducted simultaneously with its examination of the tax liabilities of petitioner's predecessors. Petitioner, however, argues that its subsequent course of conduct in communicating with the several revenue agents was tantamount to the requisite notification that it had abandoned the Drawer E address in favor of either the Capitol Mall or the Fulton Avenue address. While it is certainly true that the Commissioner is bound to regard as the

taxpayer's last known address an address which replaces that used on the return and of which his agents acquire actual knowledge (*Maxfield* v. *Commissioner*, 153 F. 2d 326, 326–327 (C.A. 9), reversing Tax Court order of dismissal; *Welch* v. *Schweitzer*, 106 F. 2d 885, 887 (C.A. 9); *United States* v. *Lehigh*, 201 F. Supp. 224, 227 (W.D. Ark.); *Floyd R. Clodfelter*, 57 T.C. 102, 106), the evidence here falls patently short of establishing that the agents acquired such knowledge. That most of the correspondence was mailed to Wulff's law office attests only to the fact that he, the representative of petitioner, could most easily be reached there, not that petitioner had adopted the same address. Indeed, each of the three consent forms pertaining to petitioner and sent to Wulff at his law office clearly bore the Drawer E address given in petitioner's returns, and Wulff took no steps to correct them. Perhaps signing a waiver form should not be construed as an affirmative representation as to the address used thereon, but it most surely contributes to a course of conduct from which the Commissioner's agent might reasonably infer that the address used remained in use. *Delman* v. *Commissioner*, 384 F. 2d 929, 932 (C.A. 3), affirming a Memorandum Opinion of this Court, certiorari denied 390 U.S. 952; *Frances Lois Stewart*, 55 T.C. 238, 241; *Marjorie F. Birnie*, 16 T.C. 861, 862–863. Furthermore, except for a single instance, Wulff's letters were written on law firm stationery and more often than not signed expressly on behalf of the law firm. This in no way indicates to us that petitioner, the subject of those letters, was also of that address, nor do we believe that the Commissioner's agents could have reasonably concluded otherwise.

With respect to the Fulton Avenue address, it cannot seriously be contended that merely by mailing to the Internal Revenue Service a letter at the top of which petitioner's Fulton Avenue address was printed, without any explanation whatsoever, petitioner duly notified the Commissioner that such address had *replaced* its former address and that the former address was no longer to be used. That letter's insufficiency as notice is only highlighted by the fact that enclosed with it was a signed consent form in respect of petitioner on which the Drawer E address was given. We are persuaded that the rather cavalier attitude expressed by such conduct is irreconcilable with an intention to notify the Commissioner of a changed address, and we find as a matter of fact that the ambiguity occasioned by the letter entirely deprived it of any efficacy as notice to the Commissioner. Our conclusion in this matter is not altered by Revenue Agent Beyer's use of the Fulton Avenue address for sending additional extension forms to Wulff. As with the earlier forms, this one also used the Drawer E address for petitioner, and inasmuch as Wulff neglected to

correct the Service's entirely evident misunderstanding of the Fulton Avenue address' substitutive nature, we cannot credit petitioner with having properly notified the Commissioner.

In this regard, we further note that by showing a post office drawer as its address on the returns, petitioner implicitly represented to the Commissioner that it chose not to use the address of its actual place of business in respect of tax matters. Conceivably, petitioner could have retained the Drawer E address so that even if the Commissioner were to be charged with knowledge of a new address for its place of business, it would not be inconsistent with the Commissioner's use of the Drawer E address as the last known address, at least until he was notified expressly that the post office drawer was no longer in use. Cf. *Berger* v. *Commissioner*, 404 F. 2d 668, 671 (C.A. 3), affirming 48 T.C. 848, certiorari denied 395 U.S. 905; *Delman* v. *Commissioner*, 384 F. 2d 929, 932 (C.A. 3), affirming a Memorandum Opinion of this Court, certiorari denied 390 U.S. 952. Petitioner here clearly failed to provide the Commissioner with such notice.

Indeed, quite contrary to petitioner's contention, its course of conduct served to obscure its current address from the Commissioner rather than to apprise him of it. In the course of its dealings with the IRS, petitioner at times used four different addresses, none of which was accompanied by an explanation. In the face of a multiplicity of addresses, we cannot say that the Commissioner had either notice or knowledge that petitioner wished him to use other than the Drawer E address as given on the relevant tax returns. Cf. *Richard A. Zaun*, 62 T.C. 278 (1974).

Petitioner further argues that Wulff orally directed Revenue Agent Kimble to use his law firm's address. Of course, oral notice, if clear and concise, might have been sufficient to charge the Commissioner with knowledge of and require him to use a new address in sending the notice of deficiency. *DeWelles* v. *United States*, 378 F. 2d 37, 39 (C.A. 9), certiorari denied 389 U.S. 996; *Cohen* v. *United States*, 297 F. 2d 760, 773 (C.A. 9), certiorari denied 369 U.S. 865. Here, however, we are unpersuaded by Wulff's testimony, which was not convincing in this respect, as well as by the subsequent course of Wulff's conduct, that he provided Kimble with notice of sufficient precision or clarity to satisfy the requirements of last known address.

Although on its tax returns for the 2 years following those under examination petitioner used the Capitol Mall address and filed them at the same service center as it had the earlier returns, they do not affect the last known address with respect to the years under investigation. As we said in *Culver M. Budlong*, 58 T.C. 850, 852–853:

The service center does not have any responsibility with respect to the auditing of returns or the issuing of statutory notices of deficiency. The service center

provides the means for handling in an effective, administrative fashion the millions of returns to be filed with the district directors within its realm. The Code does not require a check with a service center for verification of the "last known address" of a taxpayer prior to the issuance of a statutory notice. * * *

Our confidence in this result is bolstered by the fact that in using the Drawer E address the Commissioner actually provided petitioner with prompt and fair notice of the deficiencies. Cf. *Richard A. Zaun*, 62 T.C. 278 (1974). Notice is the gist of the statute. As was stated in *Boren* v. *Riddell*, 241 F. 2d 670, 673–674 (C.A. 9):

Here the essential purpose of the statute was accomplished. The rights of the taxpayer were protected. He received actual notice in sufficient time to petition the Tax Court to stay the levy and distraint, had he desired so to do. He chose not to do so, and he cannot now complain of an alleged technical deficiency which deprived him of no rights.

We find that the Commissioner mailed the notices of deficiency to petitioner at its last known address and satisfied the requirements of section 6212(b)(1). The deficiency notices so sent were valid. Petitioner has failed to file its petitions herein within 90 days of the date of such mailing, and has thus not fulfilled the jurisdictional requirement of this Court. We must therefore grant the Commissioner's motion to dismiss both petitions for lack of jurisdiction.

*Appropriate orders will be entered granting respondent's motions to dismiss the petitions.*