FRANK CARL SEPPE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Seppe v. Commissioner
Docket No. 3143-74.
United States Tax Court
T.C. Memo 1975-89; 1975 Tax Ct. Memo LEXIS 290; 34 T.C.M. (CCH) 457; T.C.M. (RIA) 750089; March 31, 1975, Filed Frank Carl Seppe, pro se. Edward H. Boyle, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioner's income taxes for the calendar years 1970 and 1971 in the amounts of $744.98 and $663.80, respectively. Respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition to this Court was not filed within 90 days after mailing of the notice of deficiency as prescribed by law. Petitioner also filed a motion *291 to dismiss for lack of jurisdiction on the ground that the notice of deficiency, neither having been mailed to his last known address nor received by him, was invalid. A hearing on these motions was held at Las Vegas, Nev., on February 4, 1975, and evidence was received from both parties. The Court took both motions under advisement and afforded the parties an opportunity to file briefs. FINDINGS OF FACT Petitioner's tax returns for 1970 and 1971 showed his address as 6945 Cloud Circle, Las Vegas, Nev. An audit of those returns was conducted by the district director's office in Reno, Nev., as a result of which the Reno office mailed a notice of deficiency by certified mail to petitioner at his address shown on those returns on November 28, 1973. At the time this notice of deficiency was mailed, the only address for petitioner known to the Reno office was that contained on the 1970 and 1971 returns. The envelope containing the notice of deficiency was returned unopened to the district director's office at Reno on December 3, 1973. No effort was made by the Reno office to ascertain another address for petitioner. The Reno office neither notified the service center at Ogden, Utah, *292 of the return of the notice of deficiency nor inquired of the service center as to whether the petitioner had a later address than the one at 6945 Cloud Circle. No attempt was made to contact petitioner's employer, whose address was disclosed on the Form W-2 attached to the 1970 and 1971 returns, in order to obtain any information concerning a possible change of address for petitioner. Instead, the Reno district director's office followed standard procedure by retaining the returned notice of deficiency until the expiration of the 90-day period for filing a petition with this Court, and then transmitting its file, containing the returned statutory notice of deficiency and the petitioner's tax returns, to the Ogden Service Center for assessment of the tax. Petitioner never received the notice of deficiency. His petition to this Court was apparently based on respondent's notice of assessment of the tax. Since the notice of deficiency was mailed November 28, 1973, the 90-day period for timely filing the petition with this Court expired on Tuesday, February 26, 1974. The petition was not filed with this Court until May 6, 1974, which was 159 days after the mailing of the notice of *293 deficiency. Petitioner filed his income tax return for 1972 with the Western Service Center, Ogden, Utah, in February 1973. The 1972 tax return showed petitioner's address as 670 South Highland Drive, Las Vegas, Nev. Petitioner at no time otherwise notified respondent of a change of address from that shown on his 1970 and 1971 returns. Petitioner's 1972 income tax return was specifically requested for audit by the Reno office from the Ogden Service Center as a followup case on the audit conducted on petitioner's 1970 and 1971 returns. The 1972 return was assigned to an agent in the Reno office for audit on May 1, 1974. This return was received by the Reno office only a few days before May 1, 1974. Petitioner moved from the address shown on his 1970 and 1971 returns to the address shown on his 1972 return sometime prior to February 1973. Petitioner also moved from the latter South Highland Drive address to 6333 Burgundy Drive, Las Vegas, in March of 1973, and again to 6225 Lawton Avenue, Las Vegas, in April 1973. Petitioner may have given the Post Office change-of-address cards each time he moved but, if so, the notice of deficiency was not forwarded to his new address. OPINION
*294 Petitioner's basic contention is that his 1972 return, filed in February 1973 with the Ogden Service Center, constitutes sufficient notice to the respondent of a change of address and makes the statutory notice, mailed to his prior address on November 28, 1973, merely an invalid attempt to comply with the dictates of section 6212(b)(1), I.R.C. 1954. Unfortunately for petitioner, the weight of authority is decidedly in respondent's favor. Section 6212(b)(1), I.R.C. 1954, basically provides that the statutory notice of deficiency will be sufficient if mailed to the taxpayer at his last known address. This Court has consistently held that a taxpayer's last-known address is his last permanent address or legal residence known to the Commissioner or his last-known temporary address of definite duration to which the taxpayer has instructed the Commissioner to direct all communications. Alta Sierra Vista, Inc.,62 T.C. 367 (1974), and cases cited therein. Based on administrative necessity, the taxpayer must shoulder the burden of keeping the Commissioner appraised of any changes of address. Alta Sierra Vista, Inc.,supra. Consequently, the taxpayer *295 is required to furnish the Commissioner with a clear and concise notification concerning a definite change of address. Alta Sierra Vista, Inc.,supra;Culver M. Budlong,58 T.C. 850 (1972). Until such notification, the Commissioner is entitled to rely on the address as shown on the taxpayer's return, Alta Sierra Vista, Inc., and Culver M. Budlong, both supra; however, this right of reliance in no way excuses the Commissioner from exercising reasonable diligence in attempting to ascertain taxpayer's correct address. [1]Alta Sierra Vista, Inc.,supra.
Under the present circumstances, we conclude that the Commissioner acted in a proper manner. In issuing the statutory notice for the years 1970 and 1971, he properly relied on the address shown on *296 the taxpayer's returns for those years. Petitioner argues that when the undelivered and unopened envelope containing the statutory notice was returned to respondent, respondent was obligated to undertake further investigative steps to discover petitioner's correct address, rather than simply allowing the 90-day period for filing a petition in this Court to run. First, petitioner urges that respondent should have checked with petitioner's employer, as shown on the W-2 forms attached to the 1971 and 1972 returns, to determine whether this employer had knowledge of any change of the taxpayer's address. Placing such a requirement on the Commissioner would clearly be contrary to the mandate of the existing law. It is the taxpayer who must clearly and concisely notify the Commissioner of a change of address. The address of an employer on a W-2 form falls far short of this requirement. While it might be laudable for the Commissioner to do so under some circumstances, [2] in light of administrative realities it would be patently unreasonable to require the Commissioner to seek out an employer in an effort to locate the taxpayer. The administrative burden is readily apparent. *297 Finally, the taxpayer asserts that he did in fact notify the respondent of his change of address. Petitioner maintains that his 1972 return with a new address filed with the Ogden Service Center in February 1973, predating the statutory notice issued by the Reno District Director's Office on November 28, 1973, constitutes adequate notice. This Court has previously held that a subsequent tax return with a new address filed at the same service center as the earlier returns under examination does not affect the last known address with respect to the years under investigation. Alta Sierra Vista, Inc.,supra; and Culver M. Budlong, supra. In Budlong, this Court states: The service center does not have any responsibility with respect to the auditing of returns or the issuing of statutory notices of deficiency. The service center provides the means for handling in an effective, administrative fashion the millions of returns to be filed with the district directors within its realm. The Code does not require a check with a service center for verification of the "last known address" of a taxpayer prior to the issuance of a statutory notice. *298 Respondent satisfied the requirements of section 6212(b)(1) by mailing the statutory notice of deficiency to petitioner's last known address. Consequently, the deficiency notice is valid. Petitioner failed to file a petition in this Court within 90 days of the date of mailing of this statutory notice and, therefore, this Court has no jurisdiction. Sec. 6213(a). As a result, we are required to grant respondent's motion to dismiss for lack of jurisdiction, and deny the motion of petitioner. An appropriate order will be entered granting respondent's motion to dismiss the petition for lack of jurisdiction.
Footnotes
1. See Estate of Francis P. McKaig, Jr.,51 T.C. 331↩ (1968), which is distinguishable from this case because there the post office changed the address to which the notice of deficiency was originally directed, which apparently caused the non-delivery. This fact was apparent to respondent when the notice of deficiency was returned to him "unclaimed."
2. See Barbara Graham,T.C.Memo. 1975-59↩ (1975).