T.C. Summary Opinion 2003-95

UNITED STATES TAX COURT

ALLAN L. BLANK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9158-02S.                    Filed July 21, 2003.

Allan L. Blank, pro se.

<u>John W. Strate</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

The sole issue this Court must decide is whether respondent abused his discretion in denying petitioner's request for abatement of interest assessed with respect to petitioner's 1992 and 1993 taxable years.

Some of the facts in this case have been stipulated and are so found.  Petitioner resided in Palo Alto, California, at the time he filed his petition.

For the taxable year 1992, petitioner received wages in the amount of $14,500 from A. Gordon Enterprises Co., Inc. Petitioner also received dividend income of $20 in 1992.

For the taxable year 1993, petitioner received wages in the amount of $26,900 from GTE Corporation.  Petitioner also received dividend income of $22 in 1993.

On February 27, 1995, respondent sent a Proposed Individual Income Tax Assessment letter (30 day letter) to petitioner at an address in Lauderhill, Florida (Florida address).  This letter indicated that respondent had no record that petitioner filed a 1992 Federal income tax return and provided a tax calculation summary.

On May 22, 1995, respondent sent a Proposed Individual Income Tax Assessment letter (30 day letter) to petitioner at the Florida address.  This letter indicated that respondent had no record that petitioner filed a 1993 tax return and provided a tax calculation summary.

On May 24, 1995, respondent sent a notice of deficiency for the 1992 taxable year to petitioner at the Florida address, determining a deficiency of $1,294 and an addition to tax under section 6651(a) of $323.

On August 9, 1995, respondent sent a notice of deficiency for the 1993 taxable year to petitioner at the Florida address determining a deficiency of $3,135 and additions to tax under sections 6651(a) and 6654(a) of $783 and $131, respectively.

Apparently, petitioner did not receive the aforesaid notices of deficiency. Respondent conceded this and stated that this was because petitioner had moved to New York in 1991 and the Internal Revenue Service had no notice as to his new address.

On September 25, 1999, respondent sent a letter to petitioner at his Palo Alto, California, address which provided a summary of the assessed taxes and additions to tax for each of the taxable years at issue.

On October 20, 2000, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing And Your Right To A Hearing. Petitioner filed a Form 12153, Request for a Collection Due Process Hearing with respondent on November 2, 2000. Petitioner stated that he had not been contacted by respondent prior to October 1999, that he had responded to all calls and letters since that date, and that he was "never given a chance to appear at an office". Petitioner did not dispute the amount of

the tax liabilities or the additions to tax with respect to the taxable years at issue.

On August 29, 2001, petitioner attended a hearing in person at respondent's Appeals Office in San Jose, California. At the hearing, petitioner did not dispute the amount of the tax liabilities and additions to tax. Petitioner made a request for interest abatement at the hearing.

On August 30, 2001, respondent's Appeals officer sent a letter to petitioner which, in part, discussed petitioner's claim for an abatement of interest.

On May 6, 2002, the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The Appeals Office determined in relevant part, that interest should not be abated with respect to petitioner's 1992 and 1993 taxable years.

Petitioner contends that respondent's refusal to abate interest was an abuse of discretion.

If, as part of a section 6330 hearing, a taxpayer makes a request for abatement of interest, we have jurisdiction over the request for abatement of interest that is the subject of respondent's collection activities. Katz v. Commissioner, 115 T.C. 329, 340-341 (2000); Wright v. Commissioner, T.C. Memo. 2002-312. Generally, this Court considers only arguments, issues, and other matters that were raised by the taxpayer at the section 6330 hearing or otherwise brought to the attention of the

Appeals Office.  Magana v. Commissioner, 118 T.C. 488, 493 (2002).

As applicable to the taxable years before this Court, section 6404(e)(1) provides, in pertinent part, that the Commissioner may abate the assessment of interest on any deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act.  A ministerial act means a procedural or mechanical act that does not involve the exercise of judgment.  Lee v. Commissioner, 113 T.C. 145, 149-150 (1999).  An error or delay is taken into account only (1) if no significant aspect of the error or delay can be attributed to the taxpayer and (2) after the Internal Revenue Service has contacted the taxpayer in writing with respect to the deficiency or payment.  Sec. 6404(e)(1).

If a taxpayer fails to file a return and fails to pay the tax he owes, section 6404(e) would not apply to the interest that accrues on unpaid taxes before the Commissioner contacts the taxpayer in writing with respect to the tax.  Wright v. Commissioner, T.C. Memo. 2002-312.

Petitioner bears the burden of proving that respondent abused his discretion by denying his request for interest abatement.  Rule 142(a); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  In order to prevail, a taxpayer must prove that the Commissioner exercised this discretion arbitrarily, capriciously,

or without sound basis in fact or law.  <u>Woodral v. Commissioner</u>, <u>supra</u>.

Petitioner argues that respondent had petitioner's correct address at the time the notices of deficiency were sent.

Generally, the IRS may not assess a deficiency in tax until after a valid notice of deficiency has been sent to the taxpayer. <u>Hyler v. Commissioner</u>, T.C. Memo. 2002-321.  For that purpose, mailing a notice of deficiency is sufficient if it is sent to the taxpayer at the taxpayer's "last known address".  Sec. 6212(b).

In determining whether a notice was mailed to a taxpayer at the taxpayer's last known address, the relevant inquiry "pertains to the Commissioner's knowledge rather than to what may in fact be the taxpayer's most current address".  <u>Alta Sierra Vista, Inc. v. Commissioner</u>, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).

Petitioner testified that "The only thing I notified [sic] was when I went for a passport in 1993, and that was submitted to the Internal Revenue Service with my address."  Petitioner's testimony lacks credibility, and we need not accept it.  <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).  Petitioner has not demonstrated that, before the notices of deficiency for the taxable years 1992 and 1993 were mailed, he provided the Internal Revenue Service with clear and concise notice of a change of address.  Nor has he shown that, prior to the mailing of the notices of deficiency, the Internal Revenue Service knew of a

change in petitioner's address and did not exercise due diligence in ascertaining petitioner's correct address.

If petitioner had filed tax returns for 1992 and 1993, respondent would have been able to assess the taxes petitioner owed. Sec. 6201(a)(1). Petitioner did not file tax returns for those years. Therefore, respondent was forced to issue notices of deficiency for 1992 and 1993.

Petitioner failed to establish that he is entitled to an abatement of interest. Petitioner has not demonstrated any error or delay by the Commissioner in performing a ministerial act. Any delay in sending petitioner a final tax bill for his 1992 and 1993 taxable years was attributable to petitioner's failure to file tax returns for those years and to notify the Internal Revenue Service of his change of address. Accordingly, respondent did not abuse his discretion in denying petitioner's request for interest abatement.

Petitioner offered no evidence to prove entitlement to a dependency exemption or to head of household filing status, and these issues are deemed conceded.

To the extent that we have not addressed any of the parties'

arguments, we have considered them and conclude they are irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.