T.C. Summary Opinion 2012-117

UNITED STATES TAX COURT

ROBERT P. DUPLICKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16533-10S L.                    Filed December 4, 2012.

Robert P. Duplicki, pro se.

<u>John M. Janusz</u>, for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, and Rule references are to the Tax Court Rules of
(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. We must decide whether respondent's Appeals Office properly upheld respondent's notice of Federal tax lien (NFTL) with respect to petitioner's 2000 tax year.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulated facts are incorporated in this opinion by reference and are found accordingly. At the time of filing the petition, petitioner resided in New York.

In June 2004, petitioner moved from Curley Drive in Orchard Park, New York (Curley Drive residence), to a new residence on Wanda Avenue in Cheektowaga, New York (Wanda Avenue residence). After moving to the Wanda Avenue residence, petitioner applied for and obtained a post office box in Buffalo, New York (Buffalo P.O. Box), on June 16, 2004. Sometime in late June or early July after petitioner obtained the Buffalo P.O. Box, respondent updated his internal records to reflect the change in petitioner's address from the Curley Drive residence to the Buffalo P.O. Box. Petitioner had not informed respondent about

---

[1](...continued)
Practice and Procedure.

the Buffalo P.O. Box, and the parties do not dispute that neither party recalls how respondent obtained knowledge of the Buffalo P.O. Box. Petitioner held the Buffalo P.O. Box until July 1, 2005. When petitioner surrendered the Buffalo P.O. Box, he notified the U.S. Postal Service (USPS) in Buffalo, New York (Buffalo Post Office), to forward to the Wanda Avenue residence any mail addressed to the Buffalo P.O. Box until January 1, 2007.

On May 30, 2006, petitioner received from respondent a proposed individual income tax assessment (30-day letter) stating that respondent had not received a Form 1040, U.S. Individual Income Tax Return, for the 2000 tax year.[2] Respondent addressed the 30-day letter to the Buffalo P.O. Box, but the Buffalo Post Office forwarded the mail to the Wanda Avenue residence. The envelope that contained the 30-day letter included a USPS mail forwarding label. Upon receipt of the 30-day letter, petitioner did not inform respondent of his then- current address. On March 5, 2007, after assessing the tax due, respondent sent petitioner notices of balance due to the Buffalo P.O. Box on the following dates: March 5, April 9, May 14, and June 18, 2007, October 13, 2008, and May 18, 2009.

---

[2]The instant case involves the 2000 tax year only, but petitioner has not filed a Form 1040 for any tax year since 1996. Petitioner resided at the Curley Drive residence when he filed the Form 1040 for his 1996 tax year.

On February 2, 2010, respondent filed the NFTL and sent to petitioner Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, at the Wanda Avenue residence. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, on March 10, 2010. The hearing was held on May 17, 2010, at which time petitioner spoke via telephone with Kenneth Heidle, a settlement officer in respondent's Appeals Office and claimed that he never received proper notice and demand because they all were sent to the Buffalo P.O. Box. Mr. Heidle updated respondent's records to list petitioner's address as the Wanda Avenue residence. After the hearing, Mr. Heidle reviewed respondent's records of petitioner's address and determined that notice and demand was sent to the Buffalo P.O. Box on multiple occasions. On June 15, 2010, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action Under Section 6320 and/or 6330 upholding the NFTL as properly filed.

## Discussion

If a taxpayer requests a hearing in response to a notice of Federal tax lien pursuant to section 6320, a hearing shall be held before an impartial officer or employee of the Appeals Office. Sec. 6320(b)(1), (3). At the hearing, the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to

the appropriateness of the collection action, and collection alternatives. Secs. 6320(c), 6330(c)(2)(A). A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). The phrase "underlying tax liability" includes the tax deficiency, additions to tax, and statutory interest. Gray v. Commissioner, 138 T.C. 295, 300 (2012); Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Following a hearing, the Appeals Office must determine whether to sustain the filing of the lien. In making that determination, the Appeals Office is required to take into consideration: (1) the verification presented by the Commissioner during the hearing process that the requirements of applicable law and administrative procedure have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed lien or levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(1)-(3). Pursuant to section 6330(d)(1), this Court has jurisdiction to review the determination made by the Appeals Office in connection with the section 6320 hearing. Sec. 6320(c).

As mentioned above, the Appeals Office is required by statute to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Sec. 6330(c)(1). One requirement of applicable law is the provision contained in section 6303(a) that the Commissioner must, within 60 days after making an assessment of tax under section 6203, give notice to each person liable for the assessed tax, stating the amount due and demanding payment thereof. However, "'[t]he form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all of the information required under . . . [section 6303].'" Conway v. Commissioner, 137 T.C. 209, 216 (2011) (quoting Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992)). "A notice of balance due constitutes a notice and demand for payment under section 6303(a)." Craig v. Commissioner, 119 T.C. 252, 262-263 (2002).[3]

Notice and demand of the assessed tax must be left at the person's dwelling or usual place of business or must be sent by mail to the person's last known address. Sec. 6303(a). Actual receipt is not required under section 6303(a). Lutz v. United States, No. 92-142, 1993 WL 497783, at *2 (E.D. Ky. Sept. 23, 1993).

---

[3]Petitioner does not contest that respondent sent to petitioner, addressed to the Buffalo P.O. Box, two notices of balance due (on March 5 and April 9, 2007) within 60 days of the March 5, 2007, assessment.

"As long as the records of the Internal Revenue Service reflect that notice and demand was properly mailed to the taxpayers' last known address, it is irrelevant that the taxpayers did not receive actual notice." Hahn v. United States, No. 75-3983, 1977 WL 1119, at *2 (C.D. Cal. Mar. 11, 1977).

Petitioner contends that, after assessment of the tax liability for the 2000 tax year, he never received proper notice and demand from respondent. Respondent contends that actual receipt of notice and demand is not required. We agree with respondent. Actual receipt is not required under section 6303(a). Lutz, 1993 WL 497783, at *2; see also, e.g., Cain v. Commissioner, T.C. Memo. 2009-54, 2009 WL 648961, at *6 n.7 ("Proof of receipt is not required."). Consequently, petitioner's argument that he did not receive notice and demand is without merit.

Additionally, petitioner contends that respondent failed to send notice and demand to his last known address. Respondent contends that notice and demand was sent to petitioner's last known address. The term "last known address" is well defined in the tax law. A taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the IRS is given clear and concise notification of a different address. Sec. 301.6212-2(a), Proced. & Admin. Regs.; see also sec. 301.6303-1(a), Proced. & Admin. Regs. It is the address to which, in the light of all the surrounding facts and

circumstances, the Commissioner reasonably believes the taxpayer wished notice to be sent. Weinroth v. Commissioner, 74 T.C. 430, 435 (1980).

If the Government has become aware of a change of address, the Commissioner may not rely on the address listed on the last-filed tax return but must exercise reasonable care to discern the taxpayer's correct address. Buffano v. Commissioner, T.C. Memo. 2007-32, 2007 WL 424705, at *4. Although the Commissioner must exercise reasonable diligence in ascertaining the taxpayer's correct address, the burden is upon the taxpayer to keep the Commissioner informed of the taxpayer's correct address. See Ramirez v. Commissioner, 87 T.C. 643, 650 (1986); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), aff'd without published opinion, 538 F.2d 334 (9th Cir. 1976). As we have stated: "[W]hen a taxpayer changes his address it is he who must notify the Commissioner of such change or else accept the consequences". Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. at 374.

Petitioner contends that respondent's notice and demand was not sent to his last known address because it was sent to the Buffalo P.O. Box. Petitioner bears the burden of proving that the Buffalo P.O. Box was not his last known address.[4]

---

[4]Petitioner has not raised sec. 7491, and, therefore, it does not apply. Consequently, petitioner bears the burden of proof. See Rule 142(a).

Petitioner concedes that he applied for the Buffalo P.O. Box shortly after moving to the Wanda Avenue residence and that he used the Buffalo P.O. Box until July 1, 2005, but claims that the Buffalo P.O. Box was not his last known address because he did not notify respondent that the Buffalo P.O. Box was the address where he wanted to receive correspondence. We disagree.

Section 301.6212-2(b)(2)(i), Proced. & Admin. Regs., provides:

The IRS will update taxpayer addresses maintained in IRS records by referring to data accumulated and maintained in the United States Postal Service (USPS) National Change of Address database that retains change of address information for thirty-six months (NCOA database). Except as provided in paragraph (b)(2)(ii) of this section, if the taxpayer's name and last known address in IRS records match the taxpayer's name and old mailing address contained in the NCOA database, the new address in the NCOA database is the taxpayer's last known address, unless the IRS is given clear and concise notification of a different address.[5]

According to the foregoing regulation, in order to inform the USPS of a change in permanent address that triggers a change of address in the NCOA Database, a taxpayer must submit to the USPS a USPS Form 3575, Official Mail

_____

[5]Although the regulations set forth a general rule that "change of address information that a taxpayer provides to a third party, such as a payor or another government agency, is not clear and concise notification of a different address for purposes of determining a last known address", an exception is made for official change of address forms filed with the USPS. Sec. 301.6212-2(b), Proced. & Admin. Regs.

Forwarding Change of Address Form.[6] Sec. 301.6212-2(b)(3), Example (1), Proced. & Admin. Regs.; Notice of Proposed Rulemaking, Definition of Last Known Address, 64 Fed. Reg. 63768, 63769 (Nov. 22, 1999) (to be codified at 26 C.F.R. pts. 1, 301). However, petitioner offered no evidence that he gave the USPS a completed USPS Form 3575 informing it of his move to the Wanda Avenue residence. Indeed, he admitted that he did not file any specific form with the Buffalo Post Office or the USPS. The only evidence of petitioner's address is his application to obtain the Buffalo P.O. Box and a notice to the Buffalo Post Office to forward mail to the Wanda Avenue residence upon surrender of the Buffalo P.O. Box.

Petitioner contends that the Wanda Avenue residence was his last known address because, upon moving to the Wanda Avenue residence, he submitted to the Buffalo Post Office a post office box application and mail forwarding notice that gave the IRS clear and concise notification of petitioner's change of address. We disagree. None of the documents petitioner submitted to the Buffalo Post Office

---

[6]Taxpayers may also inform the USPS of a change in address via telephone or the Internet. See USPS, Frequently Asked Questions - Change of Address (COA), http://faq.usps.com/eCustomer/iq/usps/request.do?create=kb: USPSFAQ&view()=c%5Bc_usps1104jch%5D&varset(source)=sourceType: embedded (last visited Nov. 9, 2012). Petitioner neither alleges nor provides evidence that he informed the USPS of his change of address via telephone or the Internet. Accordingly, we do not further discuss those methods.

were the official change of address form (i.e., USPS Form 3575) required by the USPS to effect a change of address in the NCOA database. Petitioner merely notified the USPS to forward his mail to the Wanda Avenue residence. Therefore, petitioner has failed to satisfy his burden of proving that he provided respondent, either directly[7] or indirectly, e.g. through the NCOA database, with clear and concise notification of his change of address. See Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. at 374. Consequently, petitioner has failed to prove that respondent was not entitled to rely on the Buffalo P.O. Box address as his last known address for the purpose of sending him notice and demand. See Weinroth v. Commissioner, 74 T.C. at 435. Accordingly, for purposes of the instant case, the Buffalo P.O. Box was petitioner's last known address.

---

[7]Petitioner received from respondent the 30-day letter that was addressed to the Buffalo P.O. Box but delivered to the Wanda Avenue residence with a mail forwarding label. Petitioner took no action to directly notify respondent of his move to the Wanda Avenue residence even though the mail forwarding label should have alerted him that respondent had petitioner's former address in respondent's records and that respondent was attempting to contact him.

Petitioner also could have directly provided respondent with clear and concise notification of a change in address by filing a Form 1040 listing the Wanda Avenue residence as his address, see Abeles v. Commissioner, 91 T.C. 1019, 1034-1035 (1988), but, as we previously mentioned, he has not filed an annual tax return since 1996.

On the basis of the foregoing, we hold that notice and demand of respondent's assessment of tax against petitioner was not defective and the Appeals Office's determination to uphold the lien was correct.

In reaching the foregoing holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.