T.C. Memo. 2018-174

UNITED STATES TAX COURT

DANIEL SADEK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 289-17.                           Filed October 16, 2018.

<u>Steven Ray Mather</u>, for petitioner.

<u>Eric M. Heller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This matter is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction.  Respondent argues that the petition was filed untimely.  Petitioner, however, claims that a valid notice of deficiency was not mailed to his last known address.  We hold that the petition was untimely filed and grant respondent's motion to dismiss.

**[*2]**                          FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the stipulated exhibits are incorporated herein by this reference. Petitioner resided in California when his petition was filed.

Respondent determined deficiencies in petitioner's Federal income tax of $6,918,139 and $19,781,001 for 2005 and 2006, respectively.  Respondent also determined additions to tax of $3,455,980.75 for failure to pay for 2005 under section 6651(a)(2), of $4,450,725.23 for failure to file for 2006 under section 6651(a)(1), of $4,945,250.25 for failure to pay for 2006 under section 6651(a)(2), and of $936,115.55 for failure to pay estimated income tax for 2006 under section 6654.[1]  Accuracy-related penalties totaling $1,383,627.80 were also determined under section 6662(a).  On August 25, 2011, a notice of deficiency was mailed, by certified mail, to petitioner's California address and his Nevada address. Petitioner filed his petition with this Court on January 4, 2017.

I.      Respondent's Attempts To Determine Petitioner's Last Known Address

According to respondent's records the California address was petitioner's last known address when the notice of deficiency was mailed.  At that time

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** petitioner's most recently filed and processed Federal tax return was for 2005. Petitioner's 2005 return was filed on May 21, 2009, and reported the California address. The Nevada address was the address of record in a bankruptcy proceeding petitioner filed on October 19, 2009. Petitioner's bankruptcy case was dismissed on April 24, 2012. Petitioner resided out of the country, in Beirut, Lebanon, when the notice of deficiency was mailed to him.

Appeals Officer (AO) Laura Zhou was assigned to petitioner's case, and petitioner was represented by Patrick McGinnis. During the pendency of petitioner's appeal, AO Zhou and Mr. McGinnis communicated about petitioner's location. Mr. McGinnis informed AO Zhou that petitioner was out of the country, but AO Zhou was unable to get a new address from Mr. McGinnis despite repeated attempts. AO Zhou never spoke directly with petitioner, and Mr. McGinnis represented to AO Zhou that petitioner had cut off contact with him as well.

II.    Petitioner's Contact With U.S. Government Officials in Beirut

Petitioner resided in Beirut, Lebanon, from September 2010 through May 2014. During this time petitioner was the subject of an ongoing investigation by the Federal Bureau of Investigation (FBI) relating to his mortgage lending

[*4] company, which went out of business in 2007.[2] FBI Agent Paul Bonin was assigned to the investigation regarding petitioner.

Agent Bonin was aware that petitioner had left the country but was unable to provide an exact date. He was subsequently informed when petitioner returned to the country although the investigation had closed by that point. While out of the country, petitioner made several phone calls to FBI agents assigned to his case, including Agent Bonin, inquiring about the status of the investigation. Agent Bonin knew that petitioner was out of the country but did not have a specific address for petitioner. It is not FBI policy to share details of an ongoing criminal investigation with respondent's non-law-enforcement employees, and Agent Bonin would not have shared any information with a member of respondent's civil division.

Petitioner conceded he did not provide a new address to respondent, nor did he file a change of address form with the U.S. Postal Service.

OPINION

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner,

_____

[2]The FBI investigation concluded while petitioner was in Lebanon, but an exact date does not appear in the record.

**[\*5]** 85 T.C. 527, 529 (1985). The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Id. at 530; see secs. 6212 and 6213(a); Rule 13(a), (c). The Commissioner must mail the notice of deficiency to the taxpayer's last known address; if the Commissioner fails to do so, we have no jurisdiction over the matter. DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967). If, however, the notice is properly sent, the taxpayer must file his petition within the statutorily proscribed period, or we are likewise without jurisdiction. Id.

Petitioner argues that we lack jurisdiction because a valid notice of deficiency was never mailed to his last known address. Respondent counters that we lack jurisdiction because petitioner failed to file a timely petition. It is clear to us that we do not have jurisdiction over this dispute. Nevertheless, since the basis for our dismissal may affect respondent's or petitioner's rights and remedies under the law, we must determine the proper ground for dismissal. See Kennedy v. Commissioner, 116 T.C. 255, 261 (2001); Shelton v. Commissioner, 63 T.C. 193, 196-197 (1974).

I.     The Notice of Deficiency Was Sent to Petitioner's Last Known Address.

If the Secretary determines a deficiency, he may send notice of the deficiency to the taxpayer by certified mail. Sec. 6212(a). Such a notice is a

**[*6]** necessary prerequisite to this Court's having jurisdiction to redetermine a deficiency. Rule 13(a). The dispute in this case is over the proper address to send the notice of deficiency to.

Respondent claims that the notice is properly addressed to petitioner's last known address. Petitioner claims that respondent was, or should have been, aware that the addresses he sent the notice to were no longer valid. Petitioner would have us impose an undue investigatory burden onto respondent and impute to him the knowledge of the entire Federal Government. We decline to do so.

Section 6212(b)(1) provides that a deficiency notice sent to the taxpayer's "last known address, shall be sufficient". See Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), aff'd without published opinion, 538 F.2d 334 (9th Cir. 1976). Section 301.6212-2(a), Proced. & Admin. Regs., further explains: "A taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the Internal Revenue Service (IRS) is given clear and concise notification of a different address."

At the time the notice of deficiency was mailed, petitioner's most recently filed and properly processed Federal tax return was for 2005. That return reported the California address. Petitioner failed to file a Federal tax return for 2006, and

**[\*7]** his returns for 2007 through 2011 were not filed until August 28, 2014. Further, petitioner provided <u>no</u> notification to respondent of a different address. Our job is to determine what respondent knew regarding petitioner's last known address, not what may in fact be petitioner's most current address. See <u>Alta Sierra Vista, Inc. v. Commissioner</u>, 62 T.C. at 374.

Petitioner argues that respondent had ample notification that he no longer resided at the California or the Nevada address. First, petitioner argues that the bankruptcy proceeding respondent relied on to ascertain the Nevada address also showed that the automatic stay had been lifted to allow secured creditors to foreclose on both the California and Nevada properties. This argument is unavailing for several reasons. As respondent points out, the public bankruptcy filings show only that the automatic stay was lifted to allow for a foreclosure sale; they do not provide evidence that any foreclosure sale actually took place. Furthermore, even assuming a foreclosure sale occurred, the only "different address" provided in the bankruptcy filings was the Nevada address, which respondent sent a copy of the deficiency notification to. Finally, section 301.6212-2(b)(1), Proced. & Admin. Regs., makes clear that "change of address information that a taxpayer provides to a third party * * * is not clear and concise notification of a different address".

**[\*8]**   Next, petitioner argues that "[v]irtually the entire federal government knew where" petitioner was.  This argument too is without merit.  Although petitioner presented evidence that the FBI was aware he had left the country and was spending time in Lebanon, former FBI Agent Bonin testified at trial that he had had no specific address for petitioner.  Further, even if he had had an address for petitioner, Agent Bonin testified he would not have shared any information about his investigation with respondent's civil division.  Petitioner also claims that he renewed his U.S. passport while in Beirut and provided the State Department with his Lebanon address as part of that process. However, no corroborating evidence was ever introduced to show an address was actually provided.  Morever, even if petitioner provided an address to the State Department while in Lebanon, "change of address information that a taxpayer provides to * * * another government agency, is not clear and concise notification of a different address."  Sec. 301.6212-2(b)(1), Proced. & Admin. Regs.

Finally, petitioner argues that respondent had actual notice that petitioner no longer resided at either address he sent the notice of deficiency to.  This notice, petitioner argues, was given when his representative, Mr. McGinnis, told AO Zhou that his client was out of the country.  However, the record of AO Zhou's and Mr. McGinnis's interactions show Mr. McGinnis himself did not have a

[*9] different address for petitioner.  AO Zhou made repeated attempts to obtain an address from Mr. McGinnis, but to no avail.  Petitioner suggests respondent was not diligent enough in his efforts to obtain petitioner's new address, but petitioner's own representative could not find petitioner and petitioner admitted he had little communication with Mr. McGinnis.

The Commissioner must exercise "reasonable diligence in ascertaining the taxpayer's correct address."  Wallin v. Commissioner, 744 F.2d 674, 676 (9th Cir. 1984) (quoting Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. at 374), rev'g T.C. Memo. 1983-52.  Respondent argues that Wallin may not apply because he was not aware that the address on file for petitioner was invalid.  We find no such triggering requirement in the standard applied in Wallin.[3]  Petitioner would have us hold that respondent fell short of the mark in his efforts to determine petitioner's last known address.  However, "[a]dministrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address."  Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. at 374.  In light

---

[3]The Court of Appeals held that "in light of the fact that the IRS had notice that Wallin had moved," the Commissioner did not exercise reasonable diligence.  Wallin v. Commissioner, 744 F.2d 674, 677 (9th Cir. 1984), rev'g T.C. Memo. 1983-52.  However, the Court of Appeals did not hold that this was a prerequisite to applying the reasonable diligence standard.  Id.

**[*10]** of this burden, we are convinced that respondent exercised the appropriate level of diligence in seeking petitioner's last known address.

In <u>Wallin</u> the Commissioner took several steps to find the taxpayer's last known address. The Court of Appeals, however, held his efforts to be insufficient because the Commissioner could have found the correct address by performing a simple computer search in his own records. <u>Wallin v. Commissioner</u>, 744 F.2d at 677. No analogous situation exists here. Respondent could not have found petitioner's last known address by merely searching his internal records. In fact all of the records respondent had for petitioner indicated that he still resided at the California address.

At the time respondent mailed the notice of deficiency, petitioner's last known address was the California address. Petitioner claims he did not become aware of respondent's notice of deficiency until returning to the United States in May 2014. However, by merely mailing the notice to petitioner's last known address, respondent satisfied the statutory notice procedure. Petitioner admits he never updated his address with respondent. Even if "[v]irtually the entire federal government knew where" petitioner was, respondent did not. Petitioner had ample opportunity and means to update his address with respondent. He chose not to do

**[\*11]** so and now must accept the consequences of his failure.  See <u>Alta Sierra Vista, Inc. v. Commissioner</u>, 62 T.C. at 374.[4]

## II.    This Court Has No Jurisdiction Over Petitioner's Untimely Filed Petition.

Having found that the notice of deficiency was mailed to petitioner's last known address on August 25, 2011, we must now determine whether we have jurisdiction to hear petitioner's claim.  To be valid a petition must be filed "[w]ithin 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency * * * is mailed".  Sec. 6213(a).[5]  This rule applies even if the taxpayer never receives the notice.  <u>DeWelles v. Commissioner</u>, 378 F.2d at 39.  In this case, however, petitioner was involved in a bankruptcy proceeding in Las Vegas, Nevada, at the time the notice was mailed,

---

[4]Petitioner initially claimed that respondent sent the notice of deficiency beyond the statutory period.  We find this argument without merit.  Generally, sec. 6501(a) provides that the Commissioner must assess any income tax or issue a notice of deficiency within three years after a taxpayer files a return.  In this case respondent issued a deficiency notice on August 25, 2011.  Petitioner did not file his 2005 return until May 21, 2009, less than three years before the notice's issuance.  Additionally, petitioner did not file a 2006 return at all; therefore, there is no limitations period.  Sec. 6501(c)(3).

[5]There is a question in this case as to whether the 90- or the 150-day period would apply; petitioner resided in Lebanon at the time the notice of deficiency was mailed, but the notice was addressed to petitioner's last known address, which was in the United States.  Without answering this question, we will assume the 90-day period applies.  Application of either period would reach the same result--i.e. the petition was untimely.

**[\*12]** and the automatic stay barred his filing a petition. The 90-day filing deadline was suspended while the automatic stay was in effect and for 60 days after it was lifted. Sec. 6213(f).

Petitioner's bankruptcy case was dismissed on April 24, 2012, and the automatic stay was lifted.[6] Thereafter, petitioner had until September 21, 2012, which was not a Saturday, Sunday, or legal holiday in the District of Columbia, to file his petition with the Court. See sec. 6213(a), (f). Instead, petitioner waited until January 4, 2017, to file--1,567 days beyond the statutory period for doing so.

Petitioner filed his petition over four years after the statutory window for doing so closed. He nevertheless seeks remedy with this Court, but we are without jurisdiction to hear his case. Petitioner's motion to dismiss will be denied, and respondent's motion to dismiss for lack of jurisdiction must be granted. In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

---

[6]Respondent suggests that the automatic stay in petitioner's bankruptcy proceeding was in fact lifted on December 4, 2009. For the purposes of this opinion it is not necessary to make a factual finding as to whether the automatic stay was lifted on April 24, 2012, or December 4, 2009. In either event petitioner's petition was filed beyond the statutory period for filing a petition in this case.

[*13] To reflect the foregoing,

> An appropriate order and order of dismissal for lack of jurisdiction will be entered.